IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) KATELYNN COWETT Individually, and as Next of Kin of SHERRY COWETT, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>(1) UNITED STATES OF AMERICA EX REL. UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, as operator of Redbird Smith Health Center,<br><br>    Defendant. | Case No.  CIV 23-59-JAR<br><br>ATTORNEY LIEN CLAIMED<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW the Plaintiff, Katelynn Cowett, Individually and as Next of Kin of Sherry Cowett, Deceased, and for her claim against the United States of America *ex rel*. United States Department of Health and Human Services, hereby alleges the following:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is the surviving adult daughter of Sherry Cowett and resides within this judicial district.

2. Defendant United States of America *ex rel*. United States Department of Health and Human Services ("HHS") is a federal agency which, at all times relevant hereto, was responsible for providing health care to Native American citizens at the Redbird Smith Health Center ("Redbird") in Sallisaw, Oklahoma, situated in Sequoyah County, located within this judicial district.

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1346(b)(1), granting federal district courts exclusive jurisdiction of civil actions on claims against the United States for money damages for personal injury.

Page 1 of 4

4. Plaintiff provided written notice of this claim pursuant to 28 U.S.C. § 2675 on January 15, 2021. HHS responded on August 23, 2022, deeming the claim denied as required by 28 U.S.C. 6§ 2401(b), 2675(a). Consequently, this lawsuit is timely filed, and Plaintiff has complied with all notice requirements of the Federal Tort Claims Act, 28 U.S.C. § 2401.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(e)(1) as the agency operations and medical treatment at issue occurred at Redbird Smith Health Center within this judicial district.

## STATEMENT OF FACTS

6. Paragraphs 1-5 are incorporated herein by reference.

7. On or about February 26, 2020, Ms. Cowett presented to the Redbird in Sallisaw, Oklahoma.

8. Ms. Cowett complained of chest pain, left arm pain, and indigestion.

9. During Ms. Cowett's visit to Redbird, she was examined by Robert Tracy, P.A., who ordered an electrocardiogram ("ECG"), which, according to P.A. Tracy, did not show a cardiac-related problem.

10. The ECG report clearly reflected that an anterior infarction could not be ruled out.

11. Ultimately, P.A. Tracy diagnosed Ms. Cowett with Gastro-Esophageal Reflux Disease ("GERD") and then released her.

12. P.A. Tracy advised Ms. Cowett that GERD and cardiac chest pain can be hard to differentiate and instructed her to go to the emergency department if she experienced pressure in her chest, shortness of breath, or any new symptoms.

13. Subsequently, and less than two hours after leaving Redbird, Ms. Cowett was found unresponsive inside her car in the parking lot of her granddaughter's daycare center.

14. Ms. Cowett was transported by ambulance to the emergency room at Northeastern Health System Sequoyah in Sallisaw, Oklahoma. Upon arrival, she was in cardiac arrest and unresponsive, with pupils fixed and dilated. Ms. Cowett was pronounced dead less than fifteen (15) minutes after arrival at Northeastern Health System.

### THEORIES OF LIABILITY

15. Paragraphs 1-14 are incorporated herein by reference.

16. At all relevant times, the physicians and nurses identified herein and to be identified hereafter were acting as the agents, servants, and/or employees of the United States and were acting within the scope of this employment at Redbird while providing medical care to Decedent.

17. At all relevant times, Decedent had no pre-existing doctor-patient relationship with any of the physicians at Redbird and looked solely to the operators of Redbird to provide medical personnel. She had no reason to believe that medical personnel acted on their own behalf rather than on behalf of Redbird.

18. At all relevant times, Decedent had a right to expect competent medical treatment from the medical personnel cloaked with ostensible authority by Redbird, which reasonably led her to believe that medical treatment would be afforded by physicians acting on behalf of the operators of Redbird.

19. The United States is liable for the care provided by the personnel identified herein.

20. Redbird and its personnel failed to conform to the applicable standard of care in the treatment of Decedent and were negligent as follows:

   a. Failing to adopt and implement an acceptable protocol for the identification and treatment of chest pain and cardiac arrest;

   b. Failing to adequately hire, train, and supervise its personnel and staff in the identification and treatment of chest pain and cardiac arrest;

    c.  Failing to comply with the appropriate standards of care in their care and treatment of Decedent.

21. The action of the United States and its personnel constitute a breach of the standard of care.

22. As a proximate result of negligence and/or fraud of the Defendant, Plaintiff and Sherry Cowett suffered actual damages, including but not limited to wrongful death, personal injury, medical expenses, funeral/cremation expenses, mental and physical pain and suffering, and other actual damages in excess of $75,000.00.

WHEREFORE, premises considered, Plaintiff prays for judgment against Defendant for money damages in an amount in excess of $75,000.00, her costs, attorney fees, interests, and such other relief that the Court finds proper.

Respectfully submitted,

SMOLEN | LAW, PLLC

/s/Donald E. Smolen, II
Donald E. Smolen, II, OBA #19944
Dustin J. Vanderhoof, OBA #21388
611 S. Detroit Ave.
Tulsa, OK 74120
P: (918) 777-4LAW
P: (918) 890-4529
don@smolen.law
dustin@smolen.law
*Attorneys for Plaintiff*